Mitchell A. Stein (MS 1354)
STEIN LAW, P.C.
24 Woodbine Avenue, Suite 4
Northport, New York 11768
Tel: (631) 757-8400
Fax: (631) 757-8404
*Attorneys for Defendant, Home Aide Diagnostics, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        )
U.S. DIAGNOSTICS, INC., a New York Corporation,                         )
                                                                        )
                Plaintiff,                                              )
                                                                        )
        v.                                                              )
                                                                        )
HOME AIDE DIAGNOSTICS, INC., a Florida                                  )
Corporation,                                                            )
                                                                        )
                Defendant;                                              )   (Judge Baer)
                                                                        )   Case No. 08-CV-003
and                                                                     )
                                                                        )
HOME AIDE DIAGNOSTICS, INC., a Florida                                  )
Corporation,                                                            )   **ANSWER,**
                                                                        )   **AFFIRMATIVE DEFENSES**
                Counterclaim Plaintiff,                                 )   **AND COUNTERCLAIM**
                                                                        )
        v.                                                              )
                                                                        )
U.S. DIAGNOSTICS, INC., a New York Corporation.                         )
                                                                        )
                Counterclaim Defendant.                                 )
                                                                        )
------------------------------------------------------------------------x

    Defendant, Home Aide Diagnostics, Inc. (hereinafter "defendant" or "Home Aide"), by its undersigned attorneys, as and for its answer to the Amended Complaint of plaintiff, U.S. Diagnostics, Inc. (hereinafter "plaintiff" or "U.S. Diagnostics"), affirmative defenses and counterclaim, respectfully states as follows:

1. In response to paragraph 1 of the Amended Complaint, while plaintiff purports to set forth claims by citation to statutory authority, defendant denies such claims, and asserts affirmative defenses and counterclaims in accordance with this pleading, all of which are incorporated by reference.

2. In response to paragraph 2 of the Amended Complaint, defendant has accepted service and jurisdiction, and hence no further response to this jurisdictional paragraph is deemed required.

3. In response to paragraph 3 of the Amended Complaint, defendant has accepted venue in this Honorable Court, and hence no further response to this jurisdictional paragraph is deemed required.

## PARTIES

4. In response to paragraph 4 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

5. In response to paragraph 5 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

6. In response to paragraph 6 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

7. In response to paragraph 7 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

8. In response to paragraph 8 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

9. Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Amended Complaint, but avers that the description is inclusive but not limitive of defendant's business.

11. Defendant admits the allegations contained in paragraph 11 of the Amended Complaint, but avers that the description is inclusive but not limitive of defendant's business.

12. Defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

13. In response to paragraph 13 of the Amended Complaint, defendant admits to advertising and promotion of its products, but denies the specific characterizations contained therein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

14. In response to paragraph 14 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been applied for and received by an entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

15. In response to paragraph 15 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been used by an entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

16. In response to paragraph 16 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been used by an

entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

17.     In response to paragraph 17 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been used by an entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

18.     In response to paragraph 18 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically objects to the characterizations contained therein.  Defendant admits that it properly sells products under defendant's own trademarks.

19.     Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20.     In response to paragraph 20 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

21.     In response to paragraph 21 of the Amended Complaint, defendant admits that plaintiff purports to have sent a letter, but also avers that plaintiff's counsel purports to have sent a different letter on or about October 9, 2006 averring that the alleged mark was "held" by an entity called "American Healthcare Supply, Inc." (and never mentioning the alleged plaintiff herein), which does not appear in any alleged chain of title, and denies, upon information and belief, the apparent proprietary of all such allegations, instead leaving plaintiff to its proofs, if any there be.

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement

25. In response to paragraph 25 of the Amended Complaint, defendant incorporates by reference its responses to paragraphs 1 through 24 of the Amended Complaint, as if set forth at length herein.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### Unfair Competition

35. In response to paragraph 35 of the Amended Complaint, defendant incorporates by reference its responses to paragraphs 1 through 34 of the Amended Complaint, as if set forth at length herein.

36. Defendant denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### False Designation of Origin, Description and Representation

38. In response to paragraph 38 of the Amended Complaint, defendant incorporates by reference its responses to paragraphs 1 through 37 of the Amended Complaint, as if set forth at length herein.

39. Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

47. Upon information and belief, plaintiff's purported trademark "EasyGluco," is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(d), in that it consists of or comprises a mark which so resembles a mark previously registered and/or a trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of plaintiff, to cause confusion, or to cause mistake or to deceive.

### SECOND AFFIRMATIVE DEFENSE

48. Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(e), in that it is merely descriptive.

### THIRD AFFIRMATIVE DEFENSE

49. Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it lacks secondary meaning.

### FOURTH AFFIRMATIVE DEFENSE

50. Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it is functional and/or not distinctive.

### FIFTH AFFIRMATIVE DEFENSE

51. Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(f), in that, *inter alia*, the applicant therefor submitted a false declaration in order to obtain the purported trademark which, *inter alia*, improperly attested to use, a first date of use that materially differs from that alleged herein and which is inconsistent with record evidence, lack of the same or confusingly similar marks despite evidence of the same, and/or use that was substantially exclusive when it was not.

### SIXTH AFFIRMATIVE DEFENSE

52. Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it was obtained by the knowing submission of a false declaration with intent to deceive.

### SEVENTH AFFIRMATIVE DEFENSE

53. Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it is generic.

## EIGHTH AFFIRMATIVE DEFENSE

54. Upon information and belief, plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

55. Upon information and belief, plaintiff's Amended Complaint fails to provide a basis in law and/or in equity for the relief requested.

## TENTH AFFIRMATIVE DEFENSE

56. Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

57. Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

58. Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

59. Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

60. Upon information and belief, plaintiff's claims are barred in whoe or in part because at all times, defendant acted in a commercially reasonable and lawful manner.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. Upon information and belief, defendant acted innocently at all times, and plaintiff therefore cannot recover profits for any alleged infringement and/or unfair competition.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. Upon information and belief, plaintiff's claims are barred in whole or in part because defendant has not engaged in any deceptive conduct and/or has made made no false or misleading statement or representations of fact regarding its practice(s), good(s) and/or business.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff failed to protect and/or enforce and/or police its alleged rights and/or trademarks.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff can show no competent evidence of actual and/or likelihood of confusion.

### NINETEENTH AFFIRMATIVE DEFENSE

65. Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff has suffered no damages as a result of any wrongful conduct and/or has failed to mitigate its damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

66. Upon information and belief, plaintiff's claims are barred in whole or in part because defendant's actions have not and are not likely to cause injury to plaintiff's business, reputation, or dilution of the distinctive quality, if any, of plaintiff's business, practice(s) and/or product(s).

### TWENTY FIRST AFFIRMATIVE DEFENSE

67.     Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff has suffered no harm and/or irreparable harm.

### TWENTY SECOND AFFIRMATIVE DEFENSE

68.     Upon information and belief, plaintiff's alleged trademark is not subject to anti-dilution protection since the feature of its practice, goods and/or mark are not strong, famous or distinctive.

### TWENTY THIRD AFFIRMATIVE DEFENSE

69.     Upon information and belief, plaintiff lacks standing to bring this suit.

### COUNTERCLAIM

69.     Counterclaim-plaintiff, Home Aide Diagnostics, Inc. ("Home Aide"), is a Florida Corporation that sells, *inter alia*, easy glucose meters and related supplies under its trademarks "Easy Check," "Easy Touch," "Easy Click" and Easy Comfort."

70.     Counterclaim-defendant, U.S. Diagnostics, Inc. ("USD"), is a New York Corporation that sells easy glucose meters and related supplies under the name "EasyGluco."

71.     USD has alleged that Home Aide infringes upon U.S. Registration No. 3/050,072 for "EasyGluco."

72.     Home Aide denies any such infringement, and contends, upon information and belief, that the Registration is invalid and/or unenforceable for, *inter alia*, the reasons set forth in its Affirmative Defenses, which are incorporated herein by reference, including, that:

(a)     each of "easy," "gluco" and/or combinations thereof is generic, functional, lacking in secondary meaning, not distinctive and/or merely descriptive for an easy glucose meter used by diabetics which is effectively essential to the use or purpose of that article and/or affects

the cost or quality of the article, including that any exclusive use of the easy feature would improperly put competitors at a significant non-reputation-related disadvantage, and incorrectly permit any owner (which is USD's claim) to interfere with legitimate (nontrademark-related) competition through actual or potential exclusive use of an important product ingredient or feature, *to wit*, an easy glucose meter;

      (b)    "easy" is defined and commonly means "posing no difficulty" as shown by, *inter alia*, thefreedictionary.com which cites *The American Heritage Dictionary of the English Language*, 4th Edition, 2000, updated 2003, Houghton Mifflin Company;

      (c)    "gluco" is defined and commonly known as a prefix for "glucose" or "glucagon" as shown by, *inter alia*, thefreedictionary.com which cites *The American Heritage Dictionary of the English Language*, 4th Edition, 2000, updated 2003, Houghton Mifflin Company;

      (d)    all companies, including counterclaim-plaintiff, that make, market and/or sell easy glucose meters and related equipment or supplies must be permitted to use such common and/or generic and/or merely descriptive and/or functional terms as "easy" and "glucose" free from a claim of ownership by any one competitor;

      (e)    the alleged trademark herein contains no unique indicator of source or origin, and instead treads upon the right of fair competition to utilize such common, generic, merely descriptive and/or functional terms;

      (f)    for example, Home Aide's addition of words like "check," "click," "touch," and "comfort" to an easy glucosometer, proximate to "easy" and lacking in the term "gluco" for trademark purposes, do not describe the device or its purpose, are distinctive and not suggestive, and are unique source indicators;

(g) others in the industry have used the terms "easy" and "gluco" in connection with medical and/or diabetic products, and, indeed, even a Google® search shows numerous competitors, and counterclaim-defendant either has no right to claim infringement and/or has waived the same and/or has abandoned or failed to supervise the same, resulting appropriately and solely in the invalidity and/or unenforceability of the purported trademark at issue herein;

(h) plaintiff's purported trademark "EasyGluco," is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(d), in that it consists of or comprises a mark which so resembles a mark previously registered and/or a trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of plaintiff, to cause confusion, or to cause mistake or to deceive;

(i) plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(e), in that it is merely descriptive;

(j) plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it lacks secondary meaning;

(k) plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it is functional and/or not distinctive;

(l) plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(f), in that, *inter alia*, the applicant therefor submitted a false declaration in order to obtain the purported trademark which, *inter alia*, improperly attested to use, a first date of use that materially differs from that alleged herein and which is inconsistent with record evidence, lack of the same or confusingly similar marks despite evidence of the same, and/or use that was substantially exclusive when it was not, that the

purported registration was obtained by the knowing submission of a false declaration with intent to deceive, and/or that the purported registration was obtained by the knowing submission of a false declaration with intent to deceive.

73.  There presently exists an actual, substantial, and justiciable controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, concerning the invalidity, unenforceability and/or non-infringement of U.S. Registration No. 3050072 for "EasyGluco."

74.  Accordingly, pursuant to 28 U.S.C. §2201(a), counterclaim-plaintiff seeks a declaration, having the force and effect of a final judgment, cancelling the aforementioned trademark registration, declaring the same invalid and/or unenforceable, and/or declaring that there is no infringement thereof by counterclaim-plaintiff.

75.  Counterclaim-plaintiff also seeks damages, costs and attorneys fees from counterclaim-defendant for, *inter alia*, unfair competition and assertion of an invalid and/or uneforceable trademark in an amount to be determined at trial but believed to exceed $50,000.00.

## DEMAND FOR A JURY TRIAL

Defendant/Counterclaim-plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** defendant/counterclaim-plaintiff, prays for judgment dismissing the complaint, and on it counterclaim, cancelling U.S. Trademark Registration No. 3050072, determining that the aforesaid trademark is invalid and/or unenforceable, awarding damages in an amount to be determined at trial but believed to exceed $50,000.00, its costs and attorneys' fees, and for such other and further relief as is just and proper.

Dated: May 6, 2008
      Northport, New York

Respectfully submitted,

_____
Mitchell A. Stein (MS 1354)
STEIN LAW, P.C.
*Attorneys for Defendant Home Aide Diagnostics, Inc.*
24 Woodbine Avenue, Suite 4
Northport, New York 11768
Tel: (631) 757-8400
Fax: (631) 757-8404
iplawyer@kingofip.com