Cox Padmore Skolnik & Shakarchy LLP
630 Third Avenue
New York, NY 10017
(212) 953-6633
Sanford Hausler (SH-0883)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
U.S. DIAGNOSTICS, INC.,

                Plaintiff,

    against-

HOME AIDE DIAGNOSTICS, INC.,

                Defendant.
-------------------------------------------------------x

Case No. 08 CV 003
(Judge Baer)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE DEFENDANT'S ANSWER AND TO ENTER A DEFAULT JUDGMENT AGAINST THE DEFENDANT ON THE ISSUE OF LIABILITY

### PRELIMINARY STATEMENT

Plaintiff U.S. Diagnostics, Inc. ("USD") served its Summons and Complaint on the attorney of defendant Home Aide Diagnostics, Inc. ("Home Aide")[1] on February 2, 2008. Subsequent thereto, the date by which an Answer was due was extended several times, with the latest date being April 10, 2008. USD's attorney reminded Home Aide's counsel of that date in early April 2008, and no further adjournment was sought prior to April 10, 2008. Home Aide did not file an Answer by April 10, 2008.

On April 22, 2008, Mitchell A. Stein, Home Aide's counsel, first asked for an additional extension of Home Aide's time to answer through mid-May 2008. At that

---

[1] Home Aide had consented to service on its attorney and has entered into a stipulation providing that it consented to such service and that it waived any objection to such service.

point, USD would only agree to allow Home Aide to submit an immediate Answer, but was unwilling to further extend its time to answer or to move. Despite a second request to extend Home Aide's time to answer, USD refused to do so. Instead, USD sent a Clerk's Certificate to the Court so that the Clerk would notice Home Aide's default. The day after the Clerk's Certificate was filed, Home Aide filed an untimely Answer without obtaining permission from the Court.

There is no basis for Home Aide to file an Answer that does not comply with the Federal Rules of Civil Procedure or the agreement of the parties. The time by which an Answer would have to be filed pursuant to the Federal Rules would be by February 22, 2008. However, it is undisputed that the parties agreed to adjourn the time by which an Answer had to be filed until April 10, 2008, over three months after the Complaint had been filed and over two months after it had been served.

Having filed an Answer, without leave of the Court or the consent of USD, over four months after the Complaint was filed and more than three months after the Summons and Complaint and the Amended Complaint were served, Home Aide's Answer should be stricken and the Court should enter a Default and Default Judgment in favor of USD and against Home Aide on the issue of liability, allowing the case to go forward on the issue of damages.

## ARGUMENT

### I.

### HOME AIDE'S ANSWER SHOULD BE STRICKEN AND A DEFAULT JUDGMENT ON LIABILITY SHOULD BE GRANTED BECAUSE THE ANSWER IS UNTIMELY

Home Aide's Answer was not filed and served until May 8, 2008. By agreement of the parties, the time to answer was extended to April 10, 2008. No further extension was granted by USD or by the Court. Indeed, Home Aide filed its Answer without leave of the Court, knowing that USD objected to the filing of a late Answer.

The fact that Home Aide has filed its Answer after USD sought to have the Clerk enter its default does not preclude the entry of a default judgment. The Court in *Gaglio v. Silverman (In re Suprema Special Ties, Inc.)*, 330 B.R. 40 (S.D.N.Y. 2005) expressly rejected the proposition that a Default Judgment cannot be issued if an untimely Answer has been filed. The Court noted that the filing of an Answer could only preclude the issuance of a Default Judgment if the Answer is filed as provided by the Federal Rules of Civil Procedure. However, the Court stated that "[f]iling an untimely answer does not constitute pleading '*as provided by these rules*.'" *Id.* at 46.

Courts have held that "it is only fair to require all parties to [a] case to comply with the Federal Rules of Civil Procedure and Local Rules." *Cobell v. Norton*, 213 F.R.D. 42 (D.D.C. 2003) (striking papers that were filed a day or so late). Rule 12(a)(1)(B) requires that an Answer be served within 20 days of the service of the Summons and Complaint. Here, the Summons and Complaint and the Amended Complaint were served on February 2, 2008. While the parties in this case extended the

3

deadline for filing an Answer, they did not do so indefinitely. Hence, Home Aide was required to serve its Answer no later than April 10, 2008, not at such date that it chose.

Home Aide did not, before filing its Answer, request additional time from the Court. As the Court, in *D.A. v. District of Columbia*, 2007 WL 4365452, at *2 (D.D.C. Dec. 6, 2007), stated: "It is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion." *Accord Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005). "Courts routinely refuse to accept filings under these circumstances even where the delay is minor and no prejudice would result." *D.A.*, 2007 WL 4365452, at *2; *accord Everson v. Medlantic Healthcare Group*, 2006 WL 297711, at *1 (D.D.C. Feb. 7, 2006) (striking a motion *in limine* which was filed three days late and was not accompanied by motion filed pursuant to Rule 6(b)).

As the Court in *Biton v. Palestinian Interim Self-Government Authority*, 239 F.R.D. 1, 3 (D.D.C. 2006), stated: "[An untimely] answer without a motion [for an extension of time is] . . . a legal nullity." *Accord C & E Services, Inc. v. Ashland, Inc.*, 2008 WL 1744618, at *1 (D.D.C. 2008); *Institute for Policy Studies v. CIA*, 246 F.R.D. 380, 382 (D.D.C. 2007). Indeed, "[i]n the absence of any motion for an extension, the trial court [has] no basis on which to exercise its discretion" to allow the filing of an untimely paper. *Smith*, 430 F.3d at 457.

Home Aide knew the date by which an Answer was due. There was no reason justifying its failure to answer the Amended Complaint by April 10, 2008, the date by which Home Aide had agreed to file its Answer. Home Aide intentionally delayed serving an Answer with no valid explanation. It knew that the Court had ordered that discovery be completed no later than October 28, 2008, and it apparently ignored the

4

pleading requirements set out in the Federal Rules of Civil Procedure to prejudice USD by reducing the time within which USD could obtain discovery. Hence, because Home Aide's failure to file its Answer within the time that it had agreed to file it and there being no valid reason for its failure to do so, it cannot argue that its default was justified. If there had been some valid reason why Home Aide could not file its Answer by April 10, 2008, it could have sought a further extension before that date. It did not do so. Further, USD would be prejudiced if the relief sought herein is not granted.

Based on these facts, the untimely Answer filed by Home Aide is a nullity under the law and should be stricken, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Because Home Aide has failed to timely answer the Amended Complaint, a Default and Default Judgment on the issue of liability should be entered against it, pursuant to Rule 55 of the Federal Rules of Civil Procedure, on the issue of liability. This case should continue and be tried solely on the issue of damages.

## CONCLUSION

As shown herein, the relief sought on this motion is justified by the facts and the law. Accordingly, this Court should strike Home Aide's untimely Answer and enter a Default and Default Judgment in favor of USD and against Home Aide on the issue of liability, leaving the issue of damages to be tried at the close of discovery.

Dated: New York, New York
May 23, 2008

*[signature]*

Sanford Hausler (SH-0883)
COX PADMORE SKOLNIK
 & SHAKARCHY LLP
Attorneys for Plaintiff
630 Third Avenue
New York, NY 10017
(212) 953-6633