Cox Padmore Skolnik & Shakarchy LLP
630 Third Avenue
New York, NY  10017
(212) 953-6633
Sanford Hausler (SH-0883)
*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
U.S. DIAGNOSTICS, INC.,

|  |  |
|---|---|
| Plaintiff, | Case No. 08 CV 003 |
|  | (Judge Baer) |
| against- | **DECLARATION** |

HOME AIDE DIAGNOSTICS, INC.,

Defendant.
-------------------------------------------------------x

SANFORD HAUSLER, pursuant to 28 U.S.C. § 1746, affirms as follows:

1.      I am of counsel to the law firm of Cox Padmore Skolnik & Shakarchy LLP,

attorneys for U.S. Diagnostics, Inc. ("USD"), the plaintiff in this action.  I make this declaration

in support of USD's motion asking this Court (1) to strike the untimely Answer of defendant

Home Aide Diagnostics, Inc. ("Home Aide"), pursuant to Rule 12(f) of the Federal Rules of

Civil Procedure and (b) to enter a Default and issue a Default Judgment, pursuant to Rule

55(b)(3), on the issue of liability.

2.      USD has commenced this action against defendant Home Aide Diagnostics, Inc.

("Home Aide"), alleging trademark infringement and unfair competition.

3.      USD sells glucose monitoring devices for diabetics under the name EasyGluco,

which is a registered trademark.

4.      In November 2006, USD became aware that Home Aide was selling glucose-monitoring devices under the names EASY CHECK, EASY TOUCH and EASY CLICK.  These products directly compete with EasyGluco in the same market and are sold, among other places, on the same websites.

5.      By letter dated August 24, 2007, USD's counsel advised Home Aide that its EASY CHECK, EASY TOUCH and EASY CLICK goods infringed on USD's EasyGluco trademark and demanded that it desist from any future infringement.  Home Aide ignored the letter.

5.      This action was commenced by filing a summons and complaint on January 2, 2008.  On January 11, 2008, we amended the complaint.  Before I arranged for service of the defendant in Florida, I received a call from Mitchell Stein of Stein Law, P.C.  Mr. Stein advised me that he would be representing defendant Home Aide Diagnostics, Inc. ("Home Aide") and that he would accept service on behalf of Home Aide.  On February 1, 2008, the summons and complaint and the amended complaint were served on Mr. Stein.  A copy of the amended complaint is attached hereto as Exhibit A.

6.      On March 7, 2008, Mr. Stein and I executed a stipulation in which it was acknowledged that Home Aide had been served with the summons and complaint and the amended complaint.  The parties agreed that the time to answer would be extended until March 27, 2008.  A copy of the Stipulation is attached hereto as Exhibit B.

7.      At Mr. Stein's request, I later agreed to further extend the time to answer to April 10, 2008.

8.      At a conference before the Court in early April, I reminded Mr. Stein that his answer was due on April 10, 2008. Mr. Stein did not indicate to me at that time that he required additional time to file his Answer.

9.      Prior to April 10, 2008, Mr. Stein did not ask for further time to answer the complaint. Home Aide did not answer the Amended Complaint by April 10, 2008.

10.     On April 22, 2008, after the time to answer had passed, Mr. Stein sent me an e-mail requesting a further adjournment to mid-May 2008. He also asked for certain other information relating to the chain of the title of the trademark, indicating that he was considering making a motion, rather than answering the complaint. A copy of the e-mail is attached hereto as Exhibit C.

11.     On April 23,   2008, I sent Mr. Stein a letter, informing him that we would accept his Answer if it were served _immediately_, but we were not extending the time to move to dismiss. A copy of this letter is attached hereto as Exhibit D.

12.     On  April 24, 2008, Mr. Stein  sent me a letter, claiming the he needed certain information that he had requested from us  to avoid motion practice and again asked for an adjournment of his client's time to answer. A copy of this letter is attached hereto as Exhibit E.

13.     On April 24, 2008, I responded to his letter, informing him that my client would no longer allow further extensions since no settlement discussions or even overtures of settlement were made despite the fact that the time to answer had been extended for nearly two months. I also noted that the information he claimed to be seeking was readily available on the internet, which he, as an experienced intellectual property attorney, knew or should have known.. There was nothing to preclude him from answering the complaint by April 10, 2008, the last adjourned date.   A copy of this letter is attached hereto as Exhibit F.

14    On May 7, 2008, I filed a Clerk's Certificate, seeking to have the Clerk notice Home Aide's default. A copy of the Clerk's Certificate is attached hereto as Exhibit G.

15.    On May 8, 2008, Home Aide filed its answer, containing 23 affirmative defenses and a counterclaim. Home Aide did not ask leave of the Court to submit a late answer nor has USD agreed to extend the time to answer beyond April 10, 2008. Home Aide was fully aware of this deadline, as I reminded Mr. Stein of it in early April 2008. Mr. Stein did not indicate that any further time was needed. A copy of the answer is attached hereto as Exhibit H.

16.    Home Aide is well aware that the firm date for the close of disclosure is October 28, 2008. fIt appears that Home Aide is attempting to prolong the pleading portion of this action, so as to shorten the period for discovery. This Court has already set a discovery deadline at a time when the answer was due on April 10, 2008. Home Aide took almost another month before it answered the complaint, and only did so then because it became aware that we were seeking a default against it.

17.    Since Home Aide's answer is untimely, USD has not consented to a further extension of the date by which an answer was due and this Court has not granted an extension of the time to answer, the answer should be striken.

18.    Because the late answer is a nullity, the allegations in USD's complaint are deemed to be admitted, and USD is entitled to a default judgment on the issue of liability, with discovery to continue pursuant to the order of this Court, dated April 6, 2008, and trial on the issue of damages to be held, pursuant to the order.

WHEREFORE, this Court should grant USD's motion and issue an order (1) striking Home Aide's untimely answer and (2) granting USD a default judgment on the issue of liability,

while allowing discovery on damages to proceed and an inquest on damages to be held, pursuant

to the terms of the Order, and (3) granting USD such other and further relief as is just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  May 23, 2008

_____
SANFORD HAUSLER

COX PADMORE SKOLNIK & SHAKARCHY, LLP
Jura C. Zibas (JZ 8970)
Sanford Hausler (SH 0883)
630 Third Avenue, 19th Floor
New York, New York 10017
Tel: (212) 953-6633
Fax: (212) 949-6943
*Counsel for U.S. Diagnostics, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X   **JURY DEMAND**

U.S. DIAGNOSTICS, INC., a New York Corporation,   )

   )

   )

          Plaintiff,   )

   )  Case No. 08 CV 003

      v.   )  (Judge Baer)

   )

HOME AIDE DIAGNOSTICS, INC., a Florida   )  **AMENDED COMPLAINT**
Corporation,   )  **FOR:**

   )  **1. Federal Unfair Competition**

   )  **(15 U.S.C. 1125(a)) ; and**

   )  **2. Trademark Infringement**

   )  **and Unfair Competition**

          Defendant   )

------------------------------------------------------------- X

      Plaintiff U.S. Diagnostics, Inc. ("USD"), by its attorneys, Cox Padmore Skolnik

& Shakarchy LLP, as its amended complaint against defendant Home Aide Diagnostics,

Inc. ("Home Aide"), alleges as follows based on personal knowledge as to its own actions

and based on information and belief as to the actions of others:

<u>JURISDICTION AND VENUE</u>

1.     This is an action for trademark infringement and unfair competition arising under

the United States Trademark Act, 15 U.S.C. §1114, false designation of origin,

description or representation under 15 U.S. C. §1125 (a) and trademark dilution under 15

U.S.C. §1125 (c) and under the laws of the State of New York. The Court has jurisdiction over the claims for relief and under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 (a) and (b).

2.      The Court has personal jurisdiction over Home Aide pursuant to NY CPLR §302, because Home Aide has transacted business within the State of New York, contracted to supply goods in the State of New York and/or committed tortious acts within the State of New York causing injury to person or property within the State of New York.

3.      Venue for this action is properly laid in the United States District Court for the Southern District of New York under the provisions of 28 U.S.C. § 1391(b).

PARTIES

4.      USD is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 304 Park Avenue South, Suite 218, New York, New York 10010.

5.      Since at least as early as 2003, USD has been engaged in the business of selling glucose-monitoring devices for diabetics and diabetes supplies ("supplies"). In conjunction with this business, USD employs a sales staff and office staff to provide support for the company.

6.      USD designs their products and marketing materials including creating all names of products and trademarks.

7.      USD manufactures the products in Korea.

8.      USD advertises and promotes the supplies through a sales force, telemarketing, television, radio, newspapers, magazines, internet, catalogs and trade shows.  USD's customers also advertise and promote USD's products.

9.      Home Aide is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 3300 SW 15th Street, Deerfield Beach, Florida 33442.

10.     Home Aide is in the business of distributing wholesale medical equipment and supplies.

11.     Home Aide periodically distributes a catalog advertising medical supplies including but not limited to blood-glucose-monitoring devices and supplies.

12.     Home Aide has a website www.homeaide.us advertising medical supplies.

13.     Home Aide advertises and promotes medical supplies including but not limited to blood glucose monitoring supplies through a sales force, flyers, newspapers, magazines, catalogs, trade shows, internet and on various other company websites including www.med-care.us,  www.optigen.net, www.liberatormedical.com and www.diabeticsupplies.com.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

14.     USD created and designed the EASYGLUCO trademark for its glucose monitoring system in 2004.  USD filed for a U.S. Trademark Office registration on December 20, 2004 and EASYGLUCO was granted the registration on January 24, 2006 and assigned USPTO registration number 3050073.  Attached hereto as Exhibit 1 is a copy of a USD brochure containing a photograph of USD's blood-glucose-monitoring system sold under the name EASYGLUCO, the trademark at issue in this action.

15.    USD has consistently used the EASYGLUCO trademark to sell its blood glucose monitoring system, devices and supplies since 2004 through the present.

16.    USD distributed and sold products with the EASYGLUCO trademark through brochures, trade shows, sales force, customers and the internet since 2004.

17.    USD continues to distribute and sell products with the EASYGLUCO trademark as well as the CONTROL trademark for diabetic supplies and systems.

18.    In November 2006, USD learned that Home Aide started selling glucose monitoring systems including but not limited to blood glucose monitoring devices and diabetic supplies under the names EASY CHECK, EASY TOUCH, EASY CLICK and EASY COMFORT at a trade show in direct competition with USD.  Attached hereto as Exhibit 2 is a copy of papges from a Home Aide catalog offering for sale products under the infringing names EASY CHECK, EASY TOUCH and EASY CLICK.

19.    Home Aide selected the product names EASY CHECK, EASY TOUCH and EASY CLICK in order to confuse the customers who purchased EASYGLUCO and to benefit from the goodwill that USD has developed with the customers of EASYGLUCO.

20.    Since Home Aide started selling EASY CHECK, EASY TOUCH and EASY CLICK, sales have declined with certain customers for the EASYGLUCO diabetic supplies and systems.

21.    On August 24, 2007, counsel for USD made a formal, written demand that defendant Home Aide cease and desist from all sales under the names of EASY TOUCH, EASY CHECK and EASY CLICK.  A copy of counsel's August 24, 2007  letter is attached hereto as Exhibit 3.  Home Aide did not respond to the letter.

4

22.    Home Aide knowingly and willfully created and used the names EASY CHECK,

EASY TOUCH and EASY CLICK in the same catalogs and with the same customers as

USD in order to benefit from the value built up in the trademark EASYGLUCO.

23.    Unless enjoined by this Court, Home Aide will continue to infringe the trademark

of USD.

24.    Unless enjoined by this Court, Home Aide will continue to engage in unfair

competition by using a name similar to USD's registered trademark in order to lure the

customers to purchase their products.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT

25.    USD repeats and restates the allegations set out in  paragraphs 1 through 24

hereof as if fully set forth herein.

26.    Home Aide's continued use of the confusingly-similar names EASY CHECK,

EASY TOUCH and EASY CLICK in connection with related goods and services to those

of EASYGLUCO is likely to cause confusion, mistake and deception among consumers

and the general public as to the affiliation between USD and Home Aide, thereby causing

loss, damage, and injury to USD.

27.    Home Aide's use of the names EASY CHECK, EASY TOUCH and EASY

CLICK for goods related to blood glucose monitoring systems constitutes infringement

of USD's trademark registration and related rights under U.S. trademark laws, including

15 U.S.C. § 1051, et seq. and 15 U.S.C. §1114.

28.    Such infringement was and continues to be deliberate, willful, and with a bad-

faith intent to appropriate the goodwill associated with USD's trademark.

5

29.     Home Aide knew or should have known that its continued use of the names

EASY CHECK, EASY TOUCH and EASY CLICK would cause confusion, mistake or

deception among consumers and the public based on the use of the word EASY.

30.     Home Aide knew of USD's reputation and by continuing to use names with the

word EASY in them, it intended to appropriate the goodwill associated with USD's

federally registered trademark.

31.     Home Aide's use of the names EASY CHECK, EASY TOUCH and EASY

CLICK has caused and continues to cause irreparable harm to USD.

32.     By reason of the aforementioned actions taken by Home Aide, USD has suffered

monetary damages in an amount to be proven at trial.

33.     Unless restrained and enjoined by this Court, Home Aide will persist in its use of

the names EASY CHECK, EASY TOUCH and EASY CLICK thereby causing Plaintiff

further irreparable harm.

34.     By reason of the aforementioned actions taken by Home Aide, USD is entitled to

the full range of relief available under the provisions of the Lanham Act and the laws of

the United States relating to trademarks and unfair competition, including 15 U.S.C. §§

1116-1118

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION AGAINST ALL DEFENDANTS

35.     USD repeats and restates the allegations set out in paragraphs 1 through 34 hereof

as if fully set forth herein.

36.     Home Aide's acts, described above, constitute an unfair appropriation or

exploitation of the special qualities attached to USD's trademark.

37.     Home Aide has been injured and continues to suffer irreparable injury for which

there is not adequate remedy at law as a result of Home Aide's unlawful and inequitable

conduct.

THIRD CLAIM FOR RELIEF
FALSE DESIGNATION OF ORIGIN, DESCRIPTION and REPRESENTATION
UNDER THE LANHAM ACT

38.     USD repeats and restates the allegations set out in paragraphs 1 through 37 hereof

as if fully set forth herein.

39.     USD's trademark is a designation of origin, identifying USD as the exclusive

source of goods and services sold under the mark, and distinguishes and represents

USD's goods in the marketplace.

40.     In using USD's trademark on Home Aide's own products, Home Aide will lead

the public, including customers of USD, to believe that Home Aide's infringing products

are produced by USD or are related, in some way, to USD's products.  Hence, such

infringement constitutes false designation of origin, misrepresentations and unfair

competition in violation of 15 U.S.C. § 1125(a).

41.     Home Aide's use of the names EASY CHECK, EASY TOUCH and EASY

CLICK constitutes a use in commerce in connection with Home Aide's supplies of a

word, term, name, symbol or device which is likely to cause confusion, or to cause

mistake, or to deceive, as to the affiliation, connection or association of Home Aide with

USD, or as to the origin, sponsorship or approval of Home Aide's products and

commercial activities of USD in violation of 15 U.S.C. §1125(a).

42.     Home Aide's conduct has been knowing, willful, and deliberate and was intended

to cause mistake or to deceive, completely disregarding USD's rights in their trademark.

43.    As a result of Home Aide's willful disregard of USD's rights, USD has suffered and will continue to suffer irreparable harm to its rights and substantial loss of goodwill and reputation.

44.    Home Aide's wrongful acts, as alleged above, have permitted it to profit from the strength of USD's mark by taking customers and an amount of damages is not presently known but to be determined at trial.

45.    By reason of the aforementioned actions taken by Home Aide, USD has suffered monetary damages in an amount to be proven at trial, and has been willfully deprived of the value of its federally registered mark as a commercial asset in an amount to be proven at trial.

46.    By reason of the aforementioned actions taken by Home Aide, USD is entitled to the full range of relief available under the provisions of the Lanham Act and the U.S. laws relating to trademarks and unfair competition, including 15 U.S.C. §§ 1116-1118.

## JURY DEMAND

USD demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, U.S. Diagnostics Inc. prays for judgment, as follows:

1.    That Home Aide be adjudged to have infringed USD's trademark;

2.    That Home Aide be adjudged to have violated the provisions of 15 U.S.C. § 1125(a) in competing unfairly with USD, by using false designations of origin, false descriptions and representations in commerce to the damage of USD;

3.    That Home Aide's trademark infringement, false designations of origin and unfair competition be determined to be deliberate and willful;

4.    That Home Aide and its officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with it be preliminarily and then permanently restrained and enjoined from directly or indirectly infringing USD's EASYGLUCO trademark by advertising, promoting, offering for sale, selling or distributing any goods under the names EASY CHECK, EASY TOUCH and EASY CLICK;

5.    That Home Aide be ordered to impound or otherwise dispose of all supplies with the names EASY CHECK, EASY TOUCH and EASY CLICK;

6.    That Home Aide and its officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with it be preliminarily and then permanently restrained and enjoined from otherwise competing unfairly with USD.;

7.    That Home Aide stop practicing trademark infringement, false designation of origin, and unfair competition against USD;

8.    That Home Aide be required to file with the Court and to serve USD, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form that Home Aide has complied with the Court's order;

9.    That Home Aide be ordered to pay USD a sum of $1,000,000 for actual and compensatory damages to USD together with any profits attributable to infringements of USD's trademark;

10.    That Home Aide be ordered to pay USD punitive damages in an amount to be determined at trial.;

11.     That Home Aide be ordered to provide an accounting to determine the damages

that USD has suffered and the profits that Home Aide has made by reason of the

trademark infringement and unfair competition;

12.     That Home Aide be ordered to pay to USD. its costs and attorney's fees; and

13.     That USD be awarded such other and further relief as is just and proper.

Dated: New York, New York
      January 11, 2008

                              COX PADMORE SKOLNIK
                              & SHAKARCHY, LLP

                              By: _____
                              Sanford Hausler (SH 0883)
                              Jura C. Zibas  (JZ 8970)
                              Attorneys for Plaintiff
                              630 Third Avenue
                              19th floor
                              New York, New York 1017
                              (212) 953-6633

Exhibit A



INTRODUCING THE NEW

EASYGLUCO

The New
EasyGluco™
Blood Glucose
Monitoring
System.



Infopia, Inc.
304 Park Avenue South Ste. 218
New York, NY 10010
www.infopiausa.com
866-215-5308



# EASYGLUCO

Blood Glucose Monitoring System

The new EasyGluco™ Blood Glucose Monitoring System is here to provide you with fast, accurate, and reliable test results in just 9 seconds

## Faster than you can read this brochure

Fast results in 9 seconds saves you time and effort. Have more time to do the things you love. Have more time to enjoy life!

## Accurate and Reliable

EasyGluco™ employs bio-sensor technology that is up-to-the-minute technological innovation. It provides you with the most accurate and reliable results. You can finally be confident in your meter.

## Make living with diabetes easier

Life is hard enough. With simple-to-use EasyGluco™ Blood Glucose Monitoring System, you can live your life to the fullest.

## We Guarantee Satisfaction

We are confident that you will be satisfied with your EasyGluco™ Blood Glucose Monitoring System. Your EasyGluco™ meter comes with a 60-day money-back guarantee and 3-year comprehensive warranty.

## Tiny Blood Sample

One Touche Basic® (10µl)

Prestige™IQ (6µl)

Accu-chek Compacts (3.5µl)

EasyGluco™ (3µl)

## Save, Save, and Save More

EasyGluco™ Meter and Test Strips are covered by Medicare, Medicaid and most insurance companies. If you do not have coverage, EasyGluco™ is the best value on the market for you.

## Our Commitment

Our goal is to provide you with high-quality, easy to use product, and superior customer service. Our customer service center will be happy to support you and answer any questions 24 hours a day, 7 days a week at 866-216-5308.

## Free Meters!!!

Find out more about our free meter replacement program at www.easygluco.com or call us toll-free at 866-216-5308.

For more information, please visit www.easygluco.com or call 866-216-5308.

Infopia, Inc.

# Exhibit B



www.homeaide.us

Home Aide

Wholesale Medical
Equipment and
Supplies

*Catalog*

# Easy Check Blood Glucose Monitor

- No code.
- 7 seconds reaction time.
- Tiny blood sample - only 0.7ul.
- One touch memory recall.
- 7, 14, 21, 28, 60 and 90 day averages with 450 test memory.
- Ambient temperature display.
- Ketone warning.

# Easy Check Glucose Test Strips (50)

- Only 0.7ul of blood is required and the reaction time is 7 seconds.
- Capillary action strip.

# Easy Check Control Solution

- To be used as a quality control check to verify the accuracy of your blood glucose test results.

# Easy Touch (28g and 30g) Pull Top Lancets

- Provides virtually painless testing.
- Smooth tri-bevel point.
- 28 and 30 Gauge.

# Easy Click Lancing Device

- Adjustable depth penetration for maximum comfort.
- Works with most plastic lancets.

# Easy Comfort Insulin Syringes

- Sterile insulin syringes.
- 5/16" short needle length.
- 30 Gauge.
- Available sizes: 3/10cc, 1/2cc and 1cc.
- Ultra fine for maximum comfort.





HOME AIDE DIAGNOSTICS
3300 SW 15th St.
Deerfield Beach, FL 33442
On the web: www.homeaide.us

PRSRT Standard
U.S. Postage
PAID
Boca Raton, FL
Permit No.
1961

# Home Aide Diagnostics
*Wholesale Medical Equipment and Supplies*

## We provide an increasingly wide range of high quality wholesale healthcare products!

*Questions? Call us today!*
**(800) 915-0116 or (954) 754-0656**
*www.homeaide.us*



Exhibit C

# Cox Padmore Skolnik & Shakarchy LLP
### Attorneys at Law

August 24, 2007

Akrtam Girgis
Home Aide Diagnostics
3300 SW 15th Street
Deerfield Beach, FL 33442

      Re:    Trademark Infringement

Dear Mr. Girgis:

This firm represents U.S. Diagnostics, Inc.  It has come to our attention that you have made an unauthorized use of a registered trademark owned by U.S. Diagnostics, Inc. as your products competing in the same sector are similar to the registered trademark EASYGLUCO, registered on January 24, 2006, filed December 20, 2004 assigned USPTO registration number 3050072.  U.S. Diagnostics, Inc. is the owner of the registered trademark and no confusingly similar use of the registered trademark is permitted without the permission of U.S. Diagnostics, Inc.

Your company advertises and sells products under the names EASY TOUCH, EASY CHECK and EASY CLICK.  It is obvious that Home Aide Diagnostics is selling goods in the blood glucose monitoring sector in direct competition with U. S. Diagnostics purposely copying the name, reputation and goodwill built up over the past three years by U.S. Diagnostics.  Therefore, we believe you have willfully infringed U.S. Diagnostics, Inc.'s trademark  under 15 USC Section 101, et seq. and could be liable for damages.

We demand that you immediately cease the use and distribution of all infringing goods sold under the names EASY TOUCH, EASY CHECK and EASY CLICK and that you deliver to me all unused, undistributed, or destroy such products immediately, and that you desist from this or any other infringement of U.S. Diagnostics, Inc.'s rights in the future. In addition, please provide an accounting of the number of goods sold and price of each good sold under these names.  If we have not received an affirmative response from you by September 30, 2007 indicating that you have fully complied with these requirements, U.S. Diagnostics, Inc. shall consider taking the full legal remedies available to rectify this situation.

Regards,

Tura C. Zibas

630 Third Avenue    19th Floor    New York, NY 10017-6782    212/953-6633    212/949-6943 (Telefax)

A Partnership including Limited Liability Partnerships

Denver, Colorado                              Jerusalem, Israel

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | | |
|---|---|---|
| ------------------------------------------------------- X | ECF Case | |
| U.S. DIAGNOSTICS, INC., a New York Corporation, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Case No. 08 CV 003 (Judge Baer) |
| HOME AIDE DIAGNOSTICS, INC., a Florida Corporation, | ) ) ) ) ) ) | **STIPULATION** |
| Defendant | ) | |
| ------------------------------------------------------- X | | |

IT IS STIPULATED AND AGREED between the undersigned that:

1.      Defendant Home Aide Diagnostics, Inc. ("Home Aide") is represented by Stein Law, P.C., and Stein Law, P.C. is authorized to accept service on behalf of Home Aide.

2.      Service of the summons and complaint, the Rule 7.1 Statement, the civil cover sheet and the amended complaint were served on Stein Law, P.C. on  February 1, 2008, and Home Aide acknowledges that such service was made and is valid and waives any objection to service.

3.    The time to answer or otherwise move is extended to and including ~~March~~
27, 2008.

Dated: March 7, 2008

Sanford Hausler (SH -0883)
COX PADMORE SKOLNIK
  & SHAKARCHY LLP
Attorneys for Plaintiff
630 Third Avenue
New York, NY 10017
(212) 953-6633

Mitchell A. Stein (MS-1354)
STEIN LAW, P.C.
Attorneys for Defendant
24 Woodbine Avenue, Suite #4
Northport , NY 11768
(631) 757-8400

## Sanford Hausler

| | |
|---|---|
| **From:** | Mitch Stein [iplawyer@kingofip.com] |
| **Sent:** | Tuesday, April 22, 2008 4:44 PM |
| **To:** | 'Sanford Hausler' |
| **Cc:** | 'Anne Howell' |
| **Subject:** | RE: Teleconference in U.S. Diagnostics v. Home Aide Diagnostics |

Let's execute a stip for mid-May, if that's okay. Your last exchange on info concerning title only prompted my request to you for documentation, as I can't just take your note alone (and don't wish to potentially make you a witness). So, if you can get me the evidence of chain of title, in enough time before May so that I can analyze and determine the issue, then this will work all around.

Please advise.

Also, I believe that 2 pm will work.

Thanks, Sandy.

Mitch

/s/
Mitchell A. Stein, Esq.
Reg. No. 30,978
STEIN LAW, P.C.
24 Woodbine Avenue, Suite 4
Northport, New York 11768
631-757-8400 (voice)
646-250-7007 (cell)
212-883-0100 (cell)
631-757-8404 (fax)

**Confidentiality and Privacy:**
This message is intended solely for one or more designated recipients. In light of the fact that mistakes can unintentionally occur, email mishandled through hardware or software error, or otherwise, if this email is unintentionally forwarded to an improper recipient not intended by the sender to receive the same, all rights to have the mistake corrected by deletion and return are reserved. Likely, this email contains ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of one or more intended recipients. All rights of use, copying, privacy, publicity and confidentiality are protected and reserved unto the sender. No rights are provided by the sending as to authenticity or admissibility, which must be expressly proven or subject to the written and signed hard-copy consent of the sender. Any disclosure, distribution, copying or use of the information by or to third-parties (*i.e.*, those to whom the sender does not intentionally seek to provide such communication) is strictly prohibited. If you have any question as to whether this message was received in error, please STOP READING, advise the sender by immediate reply and delete the original message. These are likely rights that you, yourself, would wish to incorporate, and should so do. In this manner, we maintain cyberspace without sacrificing fundamental protections. Thank you for your cooperation,

**From:** Sanford Hausler [mailto:hausler@cpsslaw.com]
**Sent:** Tuesday, April 22, 2008 1:43 PM
**To:** 'Mitch Stein'
**Subject:** Teleconference in U.S. Diagnostics v. Home Aide Diagnostics

iThe teleconference that is scheduled for 1:00 p.m. on May 6, 2008, is being postponed. I got a call from chambers, telling me that the Court is available that day anytime after 2:00, but is not available at 1:00. Please tell me what time that afternoon is good for you.

BTW, you have not yet answered the complaint although our last stipulation required the answer to be served by April 10.

Sandy Hausler

5/12/2008

# Cox Padmore Skolnik & Shakarchy LLP

Attorneys at Law

**Sanford Hausler**
**Of Counsel**

---

## *FACSIMILE TRANSMISSION*

| | |
|---|---|
| DATE: | April 23, 2008 |

| | | | |
|---|---|---|---|
| TO: | Mitch Stein | FROM: | Sandy Hausler |
| FAX: | (631) 757-8404 | | |
| | | FAX: | (212) 949-6943 |
| | | FILE NO.: | 17500-006 |

TOTAL PAGES: 2

RE:     *U.S. Diagnostics, Inc. v. Home Aide Diagnostics, Inc.*

MESSAGE:

*NOTICE:  Pursuant to CPLR Rule 2103(b) (5), the electronic transmittal telephone number of this office has not been designated as a proper number for the service of documents or papers in this action or proceeding.  Service should be accomplished pursuant to any other paragraph of Rule 2103(b).*

*The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the addressee named above.  If you are not the intended recipient, you are hereby notified that you may not disseminate, distribute or copy this message.  Instead, please immediately notify us by telephone and return the original message to us at the address above via United States Postal Service.  We will reimburse any cost you incur in notifying us and returning the message to us.  Thank you.*

IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CALL (212) 953-6633.

---

630 Third Avenue   19th Floor   New York, NY 10017-6782   212/953-6633   212/949-6943 (Telefax)

| Denver | Jerusalem |
|---|---|
| 303/839-9191 | 212/561-5527 |

# Cox Padmore Skolnik & Shakarcny LLP

### Attorneys at Law

Sanford Hausler
Of Counsel

April 23, 2008

**BY FAX**
Mitchell Stein
Stein Law, P.C.
24 Woodbine Avenue, Suite 4
Northport, NY 11769

   Re: <u>U.S. Diagnostics, Inc. v. Home Aide Diagnostics</u>

Dear Mitch:

  I am in receipt of your email dated April 22, 2008 wherein you requested an additional adjournment of time to serve an Answer. This third request for an adjournment is made almost two weeks after the pervious adjournment had expired. We will grant no further adjournments at this time as ample time has passed to serve an Answer.

  While we will accept an answer if it is serverd today, we certainly are not extending your time to move to dismiss this action under Rule 12(b). If you feel there are any deficiencies in the pleading, such can be raised in an answer and dealt with subsequently, pursuant to Rule 56.

    Sincerely,

    Sanford Hausler

G:\DOC\-AMERICAN HEALTHCARE - 17500-006 (Home Aid Diagnostics)\Ltrs\Stein 042308.wpd

630 Third Avenue    19th Floor    New York, NY 10017-6782    212/953-6633    212/949-6943 (Telefax)

A Partnership including Limited Liability Partnerships

Denver, Colorado     Jerusalem, Israel
303/839-9191      212/561-5527

# STEIN LAW, P.C.

### (A PROFESSIONAL CORPORATION)

#### ATTORNEYS AT LAW

#### 24 WOODBINE AVENUE

#### SUITE 4

#### NORTHPORT, NEW YORK 11768

TEL (631) 757-8400
FAX (631) 757-8404

## FAX TRANSMISSION COVER SHEET

**Date:**     *April 24, 2008*

**To:**       *Sanford Hausler*

**From:**     *Mitchell A. Stein*

**Fax:**      *212.949.6943*

**Re:**       *US Diagnostics, Inc. V. Home Aide Diagnostics*

**Sender:**   *Anne Howell*

### *YOU SHOULD RECEIVE ⏄ PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (631)757-8400*

*This transmission is intended only for the use and attention of the individual identified above, to whom this transmission and the documents and data that follows are addressed. This transmission includes secret and confidential information that is exempt from disclosure under applicable law. Any distribution of this transmission to anyone other than the intended recipient is absolutely forbidden. If this transmission is received by anyone other than the intended recipient, please telephone us at once at 1-631-757-8400; you may call collect. Please return the document at once to us at the above address via the United States Postal Service. Thank you.*

MESSAGE: Please see attached.

# STEIN LAW, P.C.
### (A PROFESSIONAL CORPORATION)

ATTORNEYS AT LAW

24 WOODBINE AVENUE

SUITE 4

NORTHPORT, NEW YORK 11768

TEL (631) 757-6400
FAX (631) 757-6404
WWW.KINGOFIP.COM

April 24, 2008

*Via Facsimile (212) 949.6943*

Sanford Hausler, Esq.
Cox Padmore Skolnik & Shakarchy LLP
630 Third Avenue, 19th Floor
New York, NY 10017

    **Re:**   **U.S. Diagnostics, Inc. v. Home Aide Diagnostics**

Dear Sanford:

On April 3, 2008 we emailed you requesting that you please send documentation showing "the use/license/assignment chain for the mark. There must also be a chain for FDA approval." We've been requesting this information since at least March 6, 2008. Your reply email dated April 4, 2008 (see attached) stated that Jura is "getting in touch with the client to get the information for us." However, this information was never forwarded. As you know, the purpose is to avoid motion practice, so your suggestion that we just move under "Rule 56" rather than avoid it altogether, is new and inconsistent. Also, it is just unfair to demand an answer and waiver of Rule 12 motions today. We've had a good professional relationship, and should continue.

Kindly agree to a two week adjournment from today and provide the chain of title in the between. No one wishes to engage in unnecessary judicial involvement.

Please advise. Thank you.

Sincerely,

Mitchell A. Stein

ah/MAS

## Mitch

| | |
|---|---|
| **From:** | Sanford Hausler [hausler@cpsslaw.com] |
| **Sent:** | Friday, April 04, 2008 1:18 PM |
| **To:** | 'Mitch Stein' |
| **Subject:** | RE: U.S. Diagnostics v. Health Aide Diagnostics |

Jura is getting in touch with the client to get you the info.  Nice meeting you as well.

Sandy Hausler

---

**From:** Mitch Stein [mailto:iplawyer@kingofip.com]
**Sent:** Friday, April 04, 2008 12:58 PM
**To:** 'Sanford Hausler'
**Subject:** RE: U.S. Diagnostics v. Health Aide Diagnostics

Good meeting you yesterday.  Please send documentation showing the use/license/assignment chain for the mark.  There must also be a chain for FDA approval.

Thanks.

/s/
Mitchell A. Stein, Esq.
Reg. No. 30,978
STEIN LAW, P.C.
24 Woodbine Avenue, Suite 4
Northport, New York 11768
631-757-8400 (voice)
646-250-7007 (cell)
212-883-0100 (cell)
631-757-8404 (fax)

Confidentiality and Privacy:
This message is intended solely for one or more designated recipients.  In light of the fact that mistakes can unintentionally occur, email mishandled through hardware or software error, or otherwise, if this email is unintentionally forwarded to an improper recipient not intended by the sender to receive the same, all rights to have the mistake corrected by deletion and return are reserved.  Likely, this email contains ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION intended solely for the use of one or more intended recipients.  All rights of use, copying, privacy, publicity and confidentiality are protected and reserved unto the sender.  No rights are provided by the sending as to authenticity or admissibility, which must be expressly proven or subject to the written and signed hard-copy consent of the sender.  Any disclosure, distribution, copying or use of the information by or to third-parties (i.e., those to whom the sender does not intentionally seek to provide such communication) is strictly prohibited.  If you have any question as to whether this message was received in error, please STOP READING, advise the sender by immediate reply and delete the original message.  These are likely rights that you, yourself, would wish to incorporate, and should so do.  In this manner, we maintain cyberspace without sacrificing fundamental protections.  Thank you for your cooperation.

**From:** Sanford Hausler [mailto:hausler@cpsslaw.com]
**Sent:** Thursday, April 03, 2008 1:03 PM
**To:** iplawyer@kingofip.com
**Subject:** U.S. Diagnostics v. Health Aide Diagnostics

My client has advised me as follows:

Infopia, Inc. is an inactive New York corporation and owned the Easy Gluco trademark, which is has assigned to U.S. Diagnostics.

American Healthcare, Inc,. an inactive New York corporation, distributed Easy Gluco and did the initial FDA filing.

I hope this answers your question.

Sandy Hausler

# Cox Padmore Skolnik & Shakarchy LLP

Attorneys at Law

**Sanford Hausler**
**Of Counsel**

---

## *FACSIMILE TRANSMISSION*

| | |
|---|---|
| DATE: | April 24, 2008 |

| | | | |
|---|---|---|---|
| TO: | Mitch Stein | FROM: | Sandy Hausler |
| FAX: | (631) 757-8404 | FAX: | (212) 949-6943 |
| | | FILE NO.: | 17500-006 |

TOTAL PAGES: 2

RE:    *U.S. Diagnostics, Inc. v. Home Aide Diagnostics, Inc.*

MESSAGE:

*NOTICE: Pursuant to CPLR Rule 2103(b) (5), the electronic transmittal telephone number of this office has not been designated as a proper number for the service of documents or papers in this action or proceeding. Service should be accomplished pursuant to any other paragraph of Rule 2103(b).*

*The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that you may not disseminate, distribute or copy this message. Instead, please immediately notify us by telephone and return the original message to us at the address above via United States Postal Service. We will reimburse any cost you incur in notifying us and returning the message to us. Thank you.*

**IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CALL (212) 953-6633.**

---

630 Third Avenue   19th Floor   New York, NY 10017-6782   212/953-6633   212/949-6943 (Telefax)

| Denver | Jerusalem |
|---|---|
| 303/839-9191 | 212/561-5527 |

# Cox Padmore Skolnik & Shakarchy LLP
Attorneys at Law

Sanford Hausler
Of Counsel

April 24, 2008

**BY FAX**
Mitchell Stein
Stein Law, P.C.
24 Woodbine Avenue, Suite 4
Northport, NY 11769

Re: <u>U.S. Diagnostics, Inc. v. Home Aide Diagnostics</u>

Dear Mitch:

I am in receipt of your letter dated April 24, 2008. We can agree that we have a professional working relationship, but it is not clear why an Answer that was due in February still cannot be prepared over two months later. If additional information is learned after you file the Answer, then an Amended Answer can be prepared.

As for the information you requested, it was my understanding you received all necessary information on April 4, 2008 via electronic mail. The assignment of the trademark is recorded on the USPTO website clearly stating the change of name and assignment from Infopia to U.S. Diagnostics. It is not clear as to why you need FDA information to prepare the Answer for the trademark action but this also is publicly available on the internet. I should also mention that we never even spoke about an extension of time in connection with the provision of any information, so your implication that your failure to serve the Answer is in some way connected with such information, which, as I have stated is easily available on the internet, comes as a total surprise. If the information were necessary to your preparation of your Answer, I would have expected you to say so explicitly. Instead, you just let the third deadline pass without taking any action.

At the conference before Judge Baer, you made several statements regarding possible motion practice and issues you see in this case. We requested that you draft a detailed letter with these arguments and send it to us. I find in surprising that we have not yet received such a letter, as the motion practice you reference might be avoided with such a letter.

Our client will not allow us to continue to grant extensions as during this time period of over two months, no settlement discussions or any overtures of discussion from your client have ever been presented to us.

630 Third Avenue     19th Floor     New York, NY 10017-6782     212/953-6633     212/949-6943 (Telefax)

A Partnership including Limited Liability Partnerships

Denver, Colorado                    Jerusalem, Israel
303/839-9191                        212/561-5527

Cox Padmore Skolnik
& Shakarchy LLP

Attorneys at Law

If you would like to discuss this further, please contact me.

Sincerely,

Sanford Hausler

G:\DOC\AMERICAN HEALTHCARE - 17500-006 (Home Aid Diagnostics)\Ltrs\Stein 042408.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
U.S. DIAGNOSTICS, INC.,

                    Plaintiff,

    against-

HOME AIDE DIAGNOSTICS, INC.,

                    Defendant.
------------------------------------------------------x

Case No. 08 CV 003

(Judge Baer)

**CLERK'S CERTIFICATE**

    I, J. MICHAEL McMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that his action commenced on January 3, 2008 with the filing of a summons and complaint, a copy of the summons and amended complaint was served on February 1, 2008 by serving defendants' counsel, pursuant to agreement of the parties, which agreement was formalized in a stipulation, dated March 7, 2008, in which defendant acknowledged that service on its counsel was made and is valid and waived any objection to service. The stipulation also extended the time to answer to March 27, 2008. Proof of service (along with the stipulation) was filed on March 13, 2008.

    I further certify that the docket entries indicated that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
     May __, 2008

                             **J. MICHAEL McMAHON**
                             Clerk of the Court

               By: _____
                         Deputy Clerk

Mitchell A. Stein (MS 1354)
STEIN LAW, P.C.
24 Woodbine Avenue, Suite 4
Northport, New York 11768
Tel: (631) 757-8400
Fax: (631) 757-8404
*Attorneys for Defendant, Home Aide Diagnostics, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
|  |  |
|---|---|
| U.S. DIAGNOSTICS, INC., a New York Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME AIDE DIAGNOSTICS, INC., a Florida Corporation, | ) |
| | ) |
| Defendant; | )   (Judge Baer) |
| | )   Case No. 08-CV-003 |
| and | ) |
| | ) |
| HOME AIDE DIAGNOSTICS, INC., a Florida Corporation, | ) |
| | )   **ANSWER,** |
| Counterclaim Plaintiff, | )   **AFFIRMATIVE DEFENSES** |
| | )   **AND COUNTERCLAIM** |
| v. | ) |
| | ) |
| U.S. DIAGNOSTICS, INC., a New York Corporation. | ) |
| | ) |
| Counterclaim Defendant. | ) |
| | ) |

------------------------------------------------------------------x

Defendant, Home Aide Diagnostics, Inc. (hereinafter "defendant" or "Home Aide"), by

its undersigned attorneys, as and for its answer to the Amended Complaint of plaintiff, U.S.

Diagnostics, Inc. (hereinafter "plaintiff" or "U.S. Diagnostics"), affirmative defenses and

counterclaim, respectfully states as follows:

ANSWER TO AMENDED THE COMPLAINT                                        PAGE-1-

1.    In response to paragraph 1 of the Amended Complaint, while plaintiff purports to set forth claims by citation to statutory authority, defendant denies such claims, and asserts affirmative defenses and counterclaims in accordance with this pleading, all of which are incorporated by reference.

2.    In response to paragraph 2 of the Amended Complaint, defendant has accepted service and jurisdiction, and hence no further response to this jurisdictional paragraph is deemed required.

3.    In response to paragraph 3 of the Amended Complaint, defendant has accepted venue in this Honorable Court, and hence no further response to this jurisdictional paragraph is deemed required.

## PARTIES

4.    In response to paragraph 4 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

5.    In response to paragraph 5 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

6.    In response to paragraph 6 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

7.    In response to paragraph 7 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

8.    In response to paragraph 8 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

9.    Defendant admits the allegations contained in paragraph 9 of the Amended Complaint.

ANSWER TO AMENDED THE COMPLAINT                                              PAGE-2-

10.     Defendant admits the allegations contained in paragraph 10 of the Amended Complaint, but avers that the description is inclusive but not limitive of defendant's business.

11.     Defendant admits the allegations contained in paragraph 11 of the Amended Complaint, but avers that the description is inclusive but not limitive of defendant's business.

12.     Defendant admits the allegations contained in paragraph 12 of the Amended Complaint.

13.     In response to paragraph 13 of the Amended Complaint, defendant admits to advertising and promotion of its products, but denies the specific characterizations contained therein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

14.     In response to paragraph 14 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been applied for and received by an entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

15.     In response to paragraph 15 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been used by an entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

16.     In response to paragraph 16 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been used by an

entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

17.    In response to paragraph 17 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically avers that the cited registration appears by public record to have been used by an entity called "Infopia, Inc." and hence that the allegations contained in this paragraph relating thereto are either incomplete or incorrect.

18.    In response to paragraph 18 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same, and specifically objects to the characterizations contained therein.  Defendant admits that it properly sells products under defendant's own trademarks.

19.    Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20.    In response to paragraph 20 of the Amended Complaint, defendant lacks knowledge sufficient to form a belief as to the truth thereof, and hence denies the same.

21.    In response to paragraph 21 of the Amended Complaint, defendant admits that plaintiff purports to have sent a letter, but also avers that plaintiff's counsel purports to have sent a different letter on or about October 9, 2006 averring that the alleged mark was "held" by an entity called "American Healthcare Supply, Inc." (and never mentioning the alleged plaintiff herein), which does not appear in any alleged chain of title, and denies, upon information and belief, the apparent proprietary of all such allegations, instead leaving plaintiff to its proofs, if any there be.

ANSWER TO AMENDED THE COMPLAINT                                                      PAGE-4-

22.    Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement

25.    In response to paragraph 25 of the Amended Complaint, defendant incorporates by reference its responses to paragraphs 1 through 24 of the Amended Complaint, as if set forth at length herein.

26.    Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.    Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30.    Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32.    Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34.    Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### Unfair Competition

35.    In response to paragraph 35 of the Amended Complaint, defendant incorporates by reference its responses to paragraphs 1 through 34 of the Amended Complaint, as if set forth at length herein.

36.    Defendant denies the allegations contained in paragraph 36 of the Amended Complaint.

37.    Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### False Designation of Origin, Description and Representation

38.    In response to paragraph 38 of the Amended Complaint, defendant incorporates by reference its responses to paragraphs 1 through 37 of the Amended Complaint, as if set forth at length herein.

39.    Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42.    Defendant denies the allegations contained in paragraph 42 of the Amended Complaint.

43.    Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44.    Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45.    Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

46.    Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

47.    Upon information and belief, plaintiff's purported trademark "EasyGluco," is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(d), in that it consists of or comprises a mark which so resembles a mark previously registered and/or a trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of plaintiff, to cause confusion, or to cause mistake or to deceive.

### SECOND AFFIRMATIVE DEFENSE

48.    Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(e), in that it is merely descriptive.

### THIRD AFFIRMATIVE DEFENSE

49.     Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it lacks secondary meaning.

### FOURTH AFFIRMATIVE DEFENSE

50.     Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it is functional and/or not distinctive.

### FIFTH AFFIRMATIVE DEFENSE

51.     Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(f), in that, *inter alia*, the applicant therefor submitted a false declaration in order to obtain the purported trademark which, *inter alia*, improperly attested to use, a first date of use that materially differs from that alleged herein and which is inconsistent with record evidence, lack of the same or confusingly similar marks despite evidence of the same, and/or use that was substantially exclusive when it was not.

### SIXTH AFFIRMATIVE DEFENSE

52.     Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it was obtained by the knowing submission of a false declaration with intent to deceive.

### SEVENTH AFFIRMATIVE DEFENSE

53.     Upon information and belief, plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it is generic.

ANSWER TO AMENDED THE COMPLAINT                                                                    PAGE-8-

## EIGHTH AFFIRMATIVE DEFENSE

54.     Upon information and belief, plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## NINTH AFFIRMATIVE DEFENSE

55.     Upon information and belief, plaintiff's Amended Complaint fails to provide a basis in law and/or in equity for the relief requested.

## TENTH AFFIRMATIVE DEFENSE

56.     Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

57.     Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

58.     Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

59.     Upon information and belief, plaintiff's claims are barred or reduced by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

60.     Upon information and belief, plaintiff's claims are barred in whoe or in part because at all times, defendant acted in a commercially reasonable and lawful manner.

## FIFTEENTH AFFIRMATIVE DEFENSE

61.     Upon information and belief, defendant acted innocently at all times, and plaintiff therefore cannot recover profits for any alleged infringement and/or unfair competition.

## SIXTEENTH AFFIRMATIVE DEFENSE

62.     Upon information and belief, plaintiff's claims are barred in whole or in part because defendant has not engaged in any deceptive conduct and/or has made made no false or misleading statement or representations of fact regarding its practice(s), good(s) and/or business.

## SEVENTEENTH AFFIRMATIVE DEFENSE

63.     Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff failed to protect and/or enforce and/or police its alleged rights and/or trademarks.

## EIGHTEENTH AFFIRMATIVE DEFENSE

64.     Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff can show no competent evidence of actual and/or likelihood of confusion.

## NINETEENTH AFFIRMATIVE DEFENSE

65.     Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff has suffered no damages as a result of any wrongful conduct and/or has failed to mitigate its damages, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

66.     Upon information and belief, plaintiff's claims are barred in whole or in part because defendant's actions have not and are not likely to cause injury to plaintiff's business, reputation, or dilution of the distinctive quality, if any, of plaintiff's business, practice(s) and/or product(s).

## TWENTY FIRST AFFIRMATIVE DEFENSE

67.    Upon information and belief, plaintiff's claims are barred in whole or in part because plaintiff has suffered no harm and/or irreparable harm.

## TWENTY SECOND AFFIRMATIVE DEFENSE

68.    Upon information and belief, plaintiff's alleged trademark is not subject to anti-dilution protection since the feature of its practice, goods and/or mark are not strong, famous or distinctive.

## TWENTY THIRD AFFIRMATIVE DEFENSE

69.    Upon information and belief, plaintiff lacks standing to bring this suit.

## COUNTERCLAIM

69.    Counterclaim-plaintiff, Home Aide Diagnostics, Inc. ("Home Aide"), is a Florida Corporation that sells, *inter alia*, easy glucose meters and related supplies under its trademarks "Easy Check," "Easy Touch," "Easy Click" and Easy Comfort."

70.    Counterclaim-defendant, U.S. Diagnostics, Inc. ("USD"), is a New York Corporation that sells easy glucose meters and related supplies under the name "EasyGluco."

71.    USD has alleged that Home Aide infringes upon U.S. Registration No. 3/050,072 for "EasyGluco."

72.    Home Aide denies any such infringement, and contends, upon information and belief, that the Registration is invalid and/or unenforceable for, *inter alia*, the reasons set forth in its Affirmative Defenses, which are incorporated herein by reference, including, that:

(a)    each of "easy," "gluco" and/or combinations thereof is generic, functional, lacking in secondary meaning, not distinctive and/or merely descriptive for an easy glucose meter used by diabetics which is effectively essential to the use or purpose of that article and/or affects

the cost or quality of the article, including that any exclusive use of the easy feature would improperly put competitors at a significant non-reputation-related disadvantage, and incorrectly permit any owner (which is USD's claim) to interfere with legitimate (nontrademark-related) competition through actual or potential exclusive use of an important product ingredient or feature, *to wit*, an easy glucose meter;

(b)     "easy" is defined and commonly means "posing no difficulty" as shown by, *inter alia*, thefreedictionary.com which cites *The American Heritage Dictionary of the English Language*, 4th Edition, 2000, updated 2003, Houghton Mifflin Company;

(c)     "gluco" is defined and commonly known as a prefix for "glucose" or "glucagon" as shown by, *inter alia*, thefreedictionary.com which cites *The American Heritage Dictionary of the English Language*, 4th Edition, 2000, updated 2003, Houghton Mifflin Company;

(d)     all companies, including counterclaim-plaintiff, that make, market and/or sell easy glucose meters and related equipment or supplies must be permitted to use such common and/or generic and/or merely descriptive and/or functional terms as "easy" and "glucose" free from a claim of ownership by any one competitor;

(e)     the alleged trademark herein contains no unique indicator of source or origin, and instead treads upon the right of fair competition to utilize such common, generic, merely descriptive and/or functional terms;

(f)     for example, Home Aide's addition of words like "check," "click," "touch," and "comfort" to an easy glucosometer, proximate to "easy" and lacking in the term "gluco" for trademark purposes, do not describe the device or its purpose, are distinctive and not suggestive, and are unique source indicators;

(g)    others in the industry have used the terms "easy" and "gluco" in connection with medical and/or diabetic products, and, indeed, even a Google® search shows numerous competitors, and counterclaim-defendant either has no right to claim infringement and/or has waived the same and/or has abandoned or failed to supervise the same, resulting appropriately and solely in the invalidity and/or unenforceability of the purported trademark at issue herein;

(h)    plaintiff's purported trademark "EasyGluco," is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(d), in that it consists of or comprises a mark which so resembles a mark previously registered and/or a trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of plaintiff, to cause confusion, or to cause mistake or to deceive;

(i)    plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(e), in that it is merely descriptive;

(j)    plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it lacks secondary meaning;

(k)    plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it is functional and/or not distinctive;

(l)    plaintiff's purported trademark "EasyGluco" is invalid and/or unenforceable in that it violates, *inter alia*, 15 U.S.C. § 1052(f), in that, *inter alia*, the applicant therefor submitted a false declaration in order to obtain the purported trademark which, *inter alia*, improperly attested to use, a first date of use that materially differs from that alleged herein and which is inconsistent with record evidence, lack of the same or confusingly similar marks despite evidence of the same, and/or use that was substantially exclusive when it was not, that the

purported registration was obtained by the knowing submission of a false declaration with intent to deceive, and/or that the purported registration was obtained by the knowing submission of a false declaration with intent to deceive.

73.    There presently exists an actual, substantial, and justiciable controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, concerning the invalidity, unenforceability and/or non-infringement of U.S. Registration No. 3050072 for "EasyGluco."

74.    Accordingly, pursuant to 28 U.S.C. §2201(a), counterclaim-plaintiff seeks a declaration, having the force and effect of a final judgment, cancelling the aforementioned trademark registration, declaring the same invalid and/or unenforceable, and/or declaring that there is no infringement thereof by counterclaim-plaintiff.

75.    Counterclaim-plaintiff also seeks damages, costs and attorneys fees from counterclaim-defendant for, *inter alia*, unfair competition and assertion of an invalid and/or uneforceable trademark in an amount to be determined at trial but believed to exceed $50,000.00.

## DEMAND FOR A JURY TRIAL

Defendant/Counterclaim-plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** defendant/counterclaim-plaintiff, prays for judgment dismissing the complaint, and on it counterclaim, cancelling U.S. Trademark Registration No. 3050072, determining that the aforesaid trademark is invalid and/or unenforceable, awarding damages in an amount to be determined at trial but believed to exceed $50,000.00, its costs and attorneys' fees, and for such other and further relief as is just and proper.

ANSWER TO AMENDED THE COMPLAINT                                    PAGE-14-

Dated: May 6, 2008
      Northport, New York

Respectfully submitted,

_____
Mitchell A. Stein (MS 1354)
STEIN LAW, P.C.
*Attorneys for Defendant Home Aide
Diagnostics, Inc.*
24 Woodbine Avenue, Suite 4
Northport, New York 11768
Tel: (631) 757-8400
Fax: (631) 757-8404
iplawyer@kingofip.com